**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JOSEPH A. THOMAS, LTD.**

**V.** **C.A.NO: 06-440ML**

**RODMAN & COMPANY, INC.**

**DEFENDANT, RODMAN & COMPANY, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND VENUE**

Now come the Defendant, Rodman & Company, Inc. (hereinafter "Rodman"), and hereby moves this Honorable Court to Dismiss the Plaintiff's Complaint for lack of personal jurisdiction and venue. Defendant further relies on its reasons set forth in its Memorandum of Law appended hereto.

Respectfully submitted,
Defendant,
Rodman & Co., Inc.
By its attorneys,

*/s/ Ronald Langlois*
Ronald Langlois, # 2891
Smith & Brink, P.C.
One State Street, Suite 400
Providence, RI 02908
Tel: (401) 351-9970
Fax: (401) 274-6218

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JOSEPH A. THOMAS, LTD.**

**V.** **C.A.NO: 06-440ML**

**RODMAN & COMPANY, INC.**

**DEFENDANT, RODMAN & COMPANY, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant, Rodman & Company, Inc. ("Rodman") submits this memorandum of law in support of its motion to dismiss for lack of personal jurisdiction and improper venue pursuant to Rules 12(b) (2) and 12 (b) (3) of the Federal Rules of Civil Procedure. The facts upon which this motion is based are set forth in the accompanying affidavit of Dale Chesgreen, President of Rodman.

## INTRODUCTION

The plaintiff, Joseph A. Thomas, Ltd., brought this action against defendant, Rodman, for unfair competition, false designation of origin, and trade dress infringement. The plaintiff alleges that this court has personal jurisdiction over Rodman due to its contacts with and within the State of Rhode Island. Conspicuously absent from the plaintiff's Complaint are any facts upon which it relies to prove the defendant's contacts with and within the State of Rhode Island. There is no basis for finding that Rodman is subject to personal jurisdiction in Rhode Island.

**FACTS**

RODMAN'S BACKGROUND AND LACK OF RHODE ISLAND CONTACTS

Rodman is a handling company that offers for sale various drill bits, sheet-metal cutting tools, pliers, wrenches and other accessories. Rodman's headquarters, and only office, is in North Hollywood, California. Rodman employs three people, all of whom live in California. Rodman has no contacts with the State of Rhode Island. Rodman is organized and incorporated under the laws of California. Rodman does not maintain an office nor has any employees in Rhode Island. Rodman is not registered, licensed or otherwise authorized to do business in Rhode Island and has not appointed an agent for service of process in Rhode Island. It does not own or lease any real or personal property in Rhode Island. Rodman has no customers in Rhode Island. Rodman does not maintain a telephone listing, mailing address or post office box in Rhode Island.[1] Rodman has no bank accounts in Rhode Island, nor does Rodman advertise or direct any marketing or sales efforts towards Rhode Island. Rodman derives no income from Rhode Island sources. (Exhibit "A" Affidavit of Dale Chesgreen). Most notably, the Plaintiff alleges that it purchased the allegedly offensive product at a trade show in Oshkosh, Wisconsin. (Plaintiff's Complaint, ¶24)

[1] Rodman & Co. Inc. has had no direct sales made to customers in Rhode Island. Except on October 24, 2006, a Mrs. Julienne Smith called Rodman and indicated that her dad had bought a Rodman drill at the "Big E" in Massachusetts a "couple" of years ago. She claimed she borrowed the drill from her dad and her husband had broken a drill bit out of the set. She asked if a replacement drill bit could be mailed to her. The cost was $6.95.

**ARGUMENT**

Plaintiff bears the burden of establishing the existence of personal jurisdiction over the defendant. *Ben's Marine Sales* v. *Sleek Craft Boats,* 502 A.2d 808, 809 (R.I. 1985). This burden requires the Plaintiff to come forward with more than the unsupported allegations in its pleadings; they must provide affirmative evidentiary proof of jurisdiction. *Boit* v. *Gar-Tec Products, Inc.,* 967 F.2d 671, 675 (1st Cir. 1992). In evaluating the plaintiff's evidence of Rodman's amenability to jurisdiction, this Court must consider the affirmative evidentiary proof that Rodman has submitted (i.e., the affidavit of Dale Chesgreen and supporting documentation), so long as such evidence does not contradict the plaintiff's evidence. *Ben's Marine Sales,* 502 A.2d at 816; *CVS Corp.* v. *Taubman Centers, Inc.,* 225 F. Supp.2d 120, 123 (D.R.I. 2002). "To make out a prima facie case of jurisdiction in Rhode Island, a plaintiff's allegations must satisfy the demands of G.L. 1956 (1985 Reenactment) § 9-5-33 Rhode Island's 'long-arm' statute." *Ben's Marine Sales,* 502 A.2d at 809. The long-arm statute extends the jurisdictional reach of Rhode Island courts to any party with "the necessary minimum contacts with the state". R.I. Gen. Laws § 9-5-33.

In a due process analysis, a non-resident defendant must have certain "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945); *Cerberus Partners,* 836 A.2d at 1118. As the Court held in *Cerberus Partners,* "[t]he fundamental question here is, thus, whether 'the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Cerberus Partners,*

836 A.2d at 1118 (sources of internal quotation omitted). It is well settled that "[t]he unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum state." *Bendick v. Picillo,* 525 A.2d 1310, 1312 (1987) (quoting *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)).

In analyzing the minimum contacts rule, courts have recognized two types of personal jurisdiction: general and specific. *Rose* v. *Firstar Bank,* 819 A.2d 1247, 1250 (R.I. 2003); See, *Central Tools Inc v. Chicago Brand Industrial*, 72 U.S.P.Q. 2d 1830 (R.I. 2004); 2004 U.S. Dist. LEXIS 27062. General jurisdiction exists where a defendant's "activities within the forum state are 'extensive and pervasive.'" *Barry v. Mortgage Servicing Acquisition Corp.,* 909 F. Supp. 65, 75 (D.R.I. 1995). *Id.* It does not require a nexus between the defendant's contacts and the litigation. *Ben's Marine Sales,* 502 A.2d at 812. Specific jurisdiction, on the other hand, may arise where the claim that is the subject of the litigation arises out of the defendant's contacts with the forum and, as such, exists for the purposes of that litigation only. *Ben's Marine Sales,* 502 A.2d at 812.

RODMAN LACKS SUFFICIENT CONTINUOUS, PURPOSEFUL AND SYSTEMATIC CONTACTS WITH THE STATE OF RHODE ISLAND TO CREATE GENERAL PERSONAL JURSIDCTION IN THE STATE

To demonstrate general jurisdiction over Rodman, the Plaintiff must allege and prove that Rodman carried on "continuous, purposeful, and systematic" activities within the forum sufficient to justify requiring it to answer here to a claim unrelated to its forum presence. *Central Tools Inc. v. Chicago Brand Industrial*, 72 U.S.P.Q. 2d 1830 (R.I. 2004); 2004 U.S. Dist. LEXIS 27062. Plaintiff's complaint fails to allege that Rodman

has such contacts, which by itself precludes this Court from exercising general personal jurisdiction over Rodman. See *Cerberus Partners,* 836 A.2d at 1118 (ruling that the plaintiff must allege and prove the existence of either general or specific personal jurisdiction); *Rose,* 819 A.2d at 1250. More importantly, this is not a showing that the plaintiff could make, even if he had pled such allegations.

There is no basis for the exercise of general jurisdiction over Rodman, because Rodman does not carry on any - much less continuous, purposeful and systematic - activities within the State of Rhode Island. Rodman is a California corporation that is headquartered and has its only office in North Hollywood. Rodman does not maintain an office nor have any employees in Rhode Island. Rodman is not registered, licensed or otherwise authorized to do business in Rhode Island and has not appointed an agent for service of process in Rhode Island. It does not own or lease any real or personal property in Rhode Island. Rodman does not maintain a telephone listing, mailing address or post office box in Rhode Island.

Rodman has no bank accounts in Rhode Island. Rodman does not advertise or direct any marketing or sales efforts specifically towards Rhode Island and has no customers in Rhode Island.[2] Rodman derives no income from Rhode Island sources and has never paid or been required to pay income tax to the State of Rhode Island.

---

[2] Rodman & Co. Inc. has had no direct sales made to customers in Rhode Island. Except on October 24, 2006, a Mrs. Julienne Smith called Rodman and indicated that her dad had bought a Rodman drill at the "Big E" in Massachusetts a "couple" of years ago. She claimed she borrowed the drill from her dad and her husband had broken a drill bit out of the set. She asked if a replacement drill bit could be mailed to her. The cost was $6.95.

Rodman's demonstrated lack of contacts with Rhode Island precludes the exercise of general jurisdiction by this Court. *Central Tools, Inc. v. Chicago Brand Industrial, Inc.*, 72 U.S.P.Q. 2d 1830 (R.I. 2004); 2004 U.S. Dist. LEXIS 27062.

THERE IS NO SPECIFIC JURISDICTION OVER RODMAN IN RHODE ISLAND

This Court may exercise specific jurisdiction over a defendant when the claim sufficiently relates to or arises from the defendant's purposeful contacts with the forum. *Cerberus Partners,* 836 A.2d at 1119. Specific jurisdiction will exist only if the defendant has performed "some act by which it purposely availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Id.* (quotations omitted). The "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, or of the "unilateral activity of another party or a third person". *Burger King Corp.* v. *Rudzewicz,* 471 U.S. 462, 475 (1984). This inquiry focuses on "the relationship among the defendant, the forum and the litigation." *Cerberus Partners,* 836 A.2d at 1119.

The Rhode Island Supreme Court has explained that the "cornerstones upon which the concept of purposeful availment rest are voluntariness and foreseeability." *Id.* at 1121 (quoting *Sawtelle* v. *Farrell,* 70 F.3d 1381, 1391 (1st Cir. 1995)). Foreseeability is "critical" to due process and a defendant's contacts with the forum state must be such that "he should reasonably anticipate being haled into court there." *Id.* at 1121 (quoting *World-Wide Volkswagen Corp.* v. *Woodson,* 444 U.S. 286, 297 (1980)). Stated otherwise, the defendant must have established a "substantial connection" with the forum state. *Id.* at

1121. (citing *McGee* v. *International Life Ins. Co.,* 355 U.S. 220, 223, 2L.Ed. 2d 223, 78 S. Ct. 199 (1957)).

Here, the Plaintiff cannot carry his burden of establishing the existence of specific jurisdiction because Rodman essentially had no contact with the State of Rhode Island.

RODMAN DID NOT PURPOSEFULLY AVAIL ITSELF OF THE PRIVILEGES OF DOING BUSINESS IN RHODE ISLAND

There was not a single relevant action that Rodman performed in the context of the product in this case that constituted an availment (purposeful or otherwise) of the privilege of doing business in Rhode Island or the benefit of protections afforded by Rhode Island's laws.

A single contact with Rhode Island is insufficient to create specific jurisdiction. *Central Tools, Inc. v. Chicago Brand Industrial, Inc.*, 72 U.S.P.Q. 2d 1830 (R.I. 2004), 2004 U.S. Dist. LEXIS 27062, (sale of one item within the State is insufficient to justify specific jurisdiction); *Casey* v. *Treasure Island,* 745 A.2d 743, 744- 45 (R.I. 2000) (per curiam) (ruling that mailed advertising into the forum state were insufficient to establish specific jurisdiction); *CVS Corp.,* 225 F. Supp.2d 120 (holding that sending correspondence, including invoices, to a forum resident insufficient to justify specific jurisdiction); *Sawtelle,* 70 F.3d 1381 (letter and phone calls from out-of-state law firm to New Hampshire client does not give rise to specific jurisdiction over law firm in New Hampshire); *Cote* v. *Wadel,* 796 F.2d 981, 984 (7th Cir. 1986) (letters and phone calls between Wisconsin client and Michigan firm not enough for personal jurisdiction over the firm in Wisconsin); *Austad Co.* v. *Pennie & Edmonds,* 823 F.2d

223, 226-27 (8th Cir. 1987) (phone calls, letters and a three day fact finding visit to South Dakota insufficient to subject New York law firm to jurisdiction in South Dakota).

This Court has specifically considered and rejected the notion that a defendant can be subjected to personal jurisdiction in this State merely because it has some commercial contact with a Rhode Island resident. *Central Tools, Inc. v. Chicago Brand Industrial, Inc.*, 72 U.S.P.Q. 2d 1830 (R.I. 2004), 2004 U.S. Dist. LEXIS 27062. The evidence in this case shows that Rodman did not reach out to Rhode Island to create a relationship or solicit potential business.

THE "STREAM OF COMMERCE" THEORY DOES NOT PROVIDE A BASIS FOR SPECIFIC PERSONAL JURISDICTION

The "stream of commerce" theory emanates from the United States Supreme Court's decision in *World-Wide Volkswagon* in which the Court stated: "the forum state does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers *its* products into the stream of commerce with the expectation that they will be purchased by consumers of the forum State." 444 U.S. at 297-98 (emphasis added). This language is frequently misunderstood as a shortcut to personal jurisdiction over a foreign *manufacturing* defendant. As numerous decisions after *World-Wide Volkswagen* have established, however, "stream of commerce" is not a shortcut to personal jurisdiction. *Asahi Metal Indus Co.* v. *Superior Court,* 480 U.S. 102, 109 (1987); *Sawtelle,* 70 F.3d at 1392. Even in cases where the stream of commerce analysis is relevant - i.e., to establish jurisdiction over a manufacturing defendant - a plaintiff must demonstrate through other facts that the defendant purposefully availed itself of the privileges of doing business in the forum State and the protections of its laws.

The stream of commerce theory has no applicability in a case such as this where: 1) Rodman never delivered the product in Rhode Island; 2) Rodman never targeted or had any involvement with Rhode Island; and 3) Rodman had no authority to deal with Rhode Island in any event. In short, Rodman did not place the product anywhere in Rhode Island.

In any event, even if the stream of commerce theory were applicable - which it is not - the United States Supreme Court has made clear that "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state." *Asahi Metal,* 480 U.S. at 112. In *Asahi Metal,* the Court held that the purposeful availment requirement of the due process analysis can only be satisfied by a showing of activity by the defendant intentionally targeting the forum state and its citizens. Specifically, the Court stated:

> Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State. But a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State. *Id.* at 112.

This reasoning has been followed by lower federal courts, including the First Circuit. *See Sawtelle,* 70 F.3d at 1393 ("This Court has previously declined to adopt the "stream of commerce" theory of personal jurisdiction, a form of which is advanced by the [plaintiffs]") (citing *Boit,* 967 F.2d 671).

As discussed above, Plaintiff cannot demonstrate that Rodman purposefully availed itself of the privileges of doing business in this State. There was no conduct

by Rodman indicating "an intent or purpose to serve the market in" Rhode Island. Absent evidence of purposeful availment, the stream of commerce theory provides no basis for this Court's exercise of personal jurisdiction over Rodman.

In closely analogous circumstances, this Court, in a patent infringement action, held that the Federal District Court in Rhode Island lacked personal jurisdiction over a defendant. *Central Tools, Inc. v. Chicago Brand Industrial, Inc.*, 72 U.S.P.Q. 2d 1830 (R.I. 2004), 2004 U.S. Dist. LEXIS 27062. There, as in the instant case, the Defendant moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3) on the grounds that it was not subject to personal jurisdiction and that venue was improper. The court held that it could only exercise jurisdiction over the defendant if it found that it had the requisite minimum contacts with Rhode Island; that is whether the defendant engaged in some conduct which would demonstrate that it purposely availed itself of the privilege of conducting business in Rhode Island. The Court ruled that there was no personal jurisdiction over the defendant when: 1) it is a California company that had its sole place of business in California; 2) its employees had never been to Rhode Island for business purposes; 3) its sales representatives were not located in Rhode Island; its sales representatives' websites were passive and nothing was sent out to actively target buyers in Rhode Island; 4) no direct sales were made to a customer in Rhode Island; and 5) it had no distributors in Rhode Island. *Id.*

It was noted that while there was a shipment of one product by Defendant to plaintiff's employee, "the shipment of this $175.00 item cannot alone support a finding of more than minimum contact with Rhode Island or purposeful availment of the privilege of doing business in Rhode Island. The Court held:

Plaintiff has failed to establish the first two elements of its claim of specific jurisdiction, it need not go through the exercise of weighing the Gestalt factors. Id. at 8.

THE FACT THAT THERE WAS A PREVIOUS ACTION APPROXIMATELY FIVE YEARS AGO BETWEEN THESE TWO PARTIES IS INSUFFICIENT TO CONFER JURISDICTION IN THIS MATTER

Rodman was a party to an, inter alia, patent infringement claim brought against Joseph A. Thomas, Ltd., in 2000 in, Patrick Lang and Rodman & Company, Inc. v. Joseph A. Thomas, Ltd., United District Court for the District of Rhode Island, C.A.No: 00-611ML. (See attached memorandum) The previous action was brought here pursuant to 28 U.S.C. §1400, which provides in pertinent part:

> §1400. Patents and copyrights, mask works, and designs...
>
> (b)Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

Rodman instituted that action in this Court due to jurisdictional and venue purposes. Joseph Thomas, Ltd. was located here, committed acts of infringement in Rhode Island, and had a regular established place of business in the State.

The Plaintiff's Complaint does not assert that this matter arises out of, or is related to the prior lawsuit. Rodman has not had any contact with Rhode Island since that case was resolved.

VENUE IS IMPROPER

Rodman respectfully submits the venue is improper in this matter because:

1. The Defendant does not reside in the State of Rhode Island.
2. None of the events or omissions giving rise to the claim occurred in the State of Rhode Island.

3. The Defendant is not subject to personal jurisdiction in the State of Rhode Island. See 28 U.S.C. §1391.

**CONCLUSION**

For all the foregoing reasons, Rodman requests that its motion to dismiss for lack of personal jurisdiction and venue be granted.

Respectfully submitted,
Defendant,
Rodman & Co., Inc.
By its attorneys,

*/s/ Ronald Langlois*

Ronald Langlois, # 2891
Smith & Brink, P.C.
One State Street, Suite 400
Providence, RI 02908
Tel: (401) 351-9970
Fax: (401) 274-6218