**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOSEPH A. THOMAS, LTD<br>Plaintiff | : | |
| V. | : | C.A. No. 06-440ML |
| RODMAN & COMPANY, INC.<br>Defendant | : | |

**MOTION FOR STAY OF DISPOSITION OF DEFENDANT'S MOTION TO DISMISS PENDING LIMITED JURISDICTIONAL DISCOVERY**

The plaintiff, Joseph A. Thomas, Ltd. ("Thomas"), hereby moves for a stay of disposition of defendant Rodman & Company, Inc's ("Rodman's") *Motion to Dismiss for Lack of Personal Jurisdiction and Venue* pending limited jurisdictional discovery. Thomas has filed a complaint against Rodman alleging that Rodman is illegally attempting to steal the market share of Thomas in one particular class of tools, a double headed nibbler, by importing and selling a tool - the components, arrangement, and packaging of which are nearly identical to Thomas' product - in violation of the Lanham Act, the Tariff Act, and state unfair competition laws. In its *Motion to Dismiss*, Rodman avers that Thomas' *Complaint* lacks sufficient facts to prove Rodman's contacts with and within the state of Rhode Island. Thomas now seeks a stay of disposition of Rodman's *Motion to Dismiss* pending limited jurisdictional discovery, as detailed in the accompanying *Memorandum In Support*.

Thomas respectfully requests that the Court grant its *Motion for Stay of Disposition Pending Limited Jurisdictional Discovery*.

Date: November 28, 2006

JOSEPH A. THOMAS, LTD
By Its Counsel,

/s/ John R. Harrington
Thomas R. Noel, Esq. (#4239)
John R. Harrington, Esq. (#7173)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)
TNoel@LawNoel.com

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 28th day of November, 2006, a copy of this document was sent by electronic means to Ronald P. Langlios, Smith & Brink, P.C., One State Street, Suite 400, Providence RI 02908.

/s/ John R. Harrington

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOSEPH A. THOMAS, LTD<br>Plaintiff | : | |
| v. | : | C.A. No. 06-440 ML |
| RODMAN & COMPANY, INC.<br>Defendant | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR STAY OF DEFENDANT'S MOTION TO DISMISS PENDING LIMITED JURISDICTIONAL DISCOVERY**

**Background**

The plaintiff, Joseph A. Thomas, Ltd. ("Thomas"), and defendant, Rodman & Company, Inc. ("Rodman"), are direct competitors in the hand tool market. Four years after settling their last dispute in this Court, an action commenced by *Rodman* here in Rhode Island under the Lanham Act and the Tariff Act concerning a hand tool known as a "nibbler," Thomas was compelled to file this action against Rodman to halt Rodman's unfair and tortious business activities concerning the next generation of the nibbler tool. This action claims Rodman is importing and selling an improved nibbler tool that is essentially identical to Thomas' improved nibbler tool. Like the prior litigation commenced by Rodman here, this action claims violation of the Lanham Act, state unfair competition laws, and the Tariff Act, 19 U.S.C. § 1304(a), this time due to *Rodman's* actions and conduct, including its failure to mark the tools with their country of origin, China.

Against this backdrop, and despite the fact that it utilized this Court in this jurisdiction for its lawsuit against Thomas, Rodman complains that it is no longer subject to this Court's jurisdiction. Rodman has filed a *Motion to Dismiss for Lack of Personal Jurisdiction and Venue* averring that there are insufficient facts to establish this court's jurisdiction. Thomas now moves for a stay of disposition of Rodman's *Motion to Dismiss* in order to conduct limited jurisdictional discovery, as detailed below.

**Argument**

As plaintiff, Thomas bears the burden of establishing jurisdiction, and can sustain that burden with properly supported proffers of evidence. *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618-19 (1st Cir. 2001). Thomas avers that there already exists a sufficient basis for this court to exert personal jurisdiction over Rodman – including the commencement and maintenance of the Rodman litigation against Thomas in this Court, which was dismissed in November 2002, the settlement agreement ending that litigation, and Rodman's intentional tortious conduct directed toward Thomas. It appears likely nevertheless that limited jurisdictional discovery will uncover additional facts relevant to the jurisdictional analysis, or clarify or contradict Rodman's factual assertions made in support of its *Motion to Dismiss*.

A trial court has broad discretion to decide whether jurisdictional discovery is required. *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d at 626. It is clear, however, that the exercise of discretion ought to be an informed one. "[A] diligent plaintiff who sues an out-of-state corporation and who makes out a colorable case for the existence of *in personam* jurisdiction may well be entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional defense." *Sunview Condominium Ass'n v.*

*Flexel Int'l, Ltd.*, 116 F.3d 962, 964 (1st Cir. 1997); *see also United States v. Swiss Am. Bank, Ltd.*, 191 F.3d 30, 45 (1st Cir. 1999) ("A timely and properly supported request for jurisdictional discovery merits solicitous attention."). In *Surpitski v. Hughes-Keenan Corp.*, 362 F.2d 254 (1st Cir. 1966)(per curiam), the Court of Appeals held that it was an abuse of discretion *not* to allow discovery before ruling on a motion to dismiss for want of personal jurisdiction where the plaintiff had been diligent and was somewhat unfamiliar with his adversary's business practices. *Id.* at 255-56.

Rodman in its motion makes blanket, conclusory statements that it has no Rhode Island contacts, but those statements are certainly subject to challenge. There are in fact significant questions concerning Rodman and its business as relates to the jurisdictional question. The uncertainty is amplified by vague and contradictory statements contained in the Affidavit of Dale Chesgreen ("Chesgreen Aff.") submitted in support of Rodman's *Motion to Dismiss*.

Mr. Chesgreen, Rodman's president (*Chesgreen Aff.* ¶ 1), states that Rodman "employs approximately 3 people" (*Chesgreen Aff.* ¶ 3), but thereafter states that Rodman sells its products "at trade shows and state fairs across the country through independent sales representatives." (*Chesgreen Aff.* ¶¶ 6,7) Rodman's website, a copy of which Rodman submitted with its *Motion to Dismiss* and a relevant page of which is attached to this *Memorandum* as *Exhibit A*, makes the claim that as of the year 2000 Rodman "had a workforce of 13 sales representatives demonstrating [products] at over 400 trade shows a year." (*Exhibit A*, Rodman Website) It is unclear whether the "workforce" referenced on the website is the same as the "independent sales representatives" described in the

Chesgreen affidavit, and there is of course no mention in the affidavit of where the "400 trade shows a year" (or whatever the current number is) may be occurring.

It is unclear whether Mr. Chesgreen's statements in fact speak for the activities of Rodman's "independent" representatives, or even whether Mr. Chesgreen would be in a position to know. Mr. Chesgreen's classification of Rodman's "workforce" as "independent contractors" implies that Rodman has no control over the marketing efforts and other contacts of the supposedly independent contractors. Thomas should be permitted to probe and challenge whether Mr. Chesgreen was speaking narrowly when he claimed that "*Rodman & Co., Inc.* . . . has not done any trade shows in Rhode Island in the last five years" (*Chesgreen Aff.* ¶ 8, emphasis added), that "*Rodman & Co., Inc.* . . . has not shipped any product to Rhode Island in the last five years except for the $6.95 drill bit" (*Chesgreen Aff.* ¶ 12, emphasis added), that "*Rodman & Co., Inc.* . . . has not sold any of the infringing product in Rhode Island" (*Chesgreen Aff.* ¶ 13, emphasis added), and that "*Rodman & Co., Inc.* . . . has no contacts with the state of Rhode Island." (*Chesgreen Aff.* ¶ 14, emphasis added). If Rodman's "workforce" is in fact comprised of "independent representatives," there is significant question as to whether Rodman could control or even know of where these sales people were marketing and selling Rodman products.

Rodman did not dispute that it has attended and sold its products at the "Big E" exposition in West Springfield, Massachusetts this year and in previous years. In fact, the "Big E" website lists "Rodman & Co., Inc" itself – as opposed to some independent sales representative – as a 2006 exhibitor. *See excerpt from* "Big E" internet website,

attached hereto as *Exhibit B*.[1] This seemingly belies Rodman's effort to distance itself from those who actually go out and sell its products.

Issues worthy of preliminary discovery that would inform the jurisdictional debate therefore include: (1) which shows Rodman *has* attended in recent years and their location in or proximity to Rhode Island (and therefore to Rhode Island consumers); (2) whether Rodman itself rents space and attends shows; (3) whether independent representatives (as opposed to Rodman) have attended shows in or around Rhode Island; (4) an address identification of customers who have purchased Rodman products at nearby shows; (5) the nature, scope, and extent of Rodman's marketing efforts, including the operation of its internet web site, and their reach into Rhode Island; (6) Rodman's *business* (other than sales) contacts and communications with and within Rhode Island; (7) the activities of Rodman's apparently extensive and purportedly independent sales network and Rodman's control and supervision of it; and (8) facts supporting the inference that Rodman knew of and intentionally targeted and copied the signature product of a Rhode Island company.

**Conclusion**

Rodman fairly recently submitted itself to the jurisdiction of this Court, but now claims the Court no longer has jurisdiction. Given the prior Rhode Island litigation, commenced by Rodman, contrasted with the sweeping and self-serving claims now that it simply never conducts business here anymore, as an issue of fairness and judicial economy and for the reasons cited, Thomas seeks discovery reasonably limited to jurisdictional facts and issues that will inform the jurisdictional challenge set forth by

---

[1] The "Big E" website page attached as *Exhibit B* is accessible via the internet address www.thebige.com/fair/fair_be_a_exhibitor.html under the sub-heading of exhibitors grouped as "Outdoors."

Rodman. Thomas submits that it will not constitute legal prejudice to either party for the Court to make the correct determination on the jurisdictional issue on a fully-informed basis.

Date: November 28, 2006

JOSEPH A. THOMAS, LTD
By Its Counsel,

/s/ John R. Harrington

Thomas R. Noel, Esq. (#4239)
John R. Harrington, Esq. (#7173)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)
TNoel@LawNoel.com

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 28th day of November, 2006, a copy of this document was sent by electronic means to Ronald P. Langlios, Smith & Brink, P.C., One State Street, Suite 400, Providence RI 02908.

/s/ John R. Harrington