UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSEPH A. THOMAS, LTD
Plaintiff,

v. C.A. No.: 06-440ML

RODMAN & COMPANY, INC.
Defendant

**DEFENDANT, RODMAN & COMPANY, INC.'S OBJECTION TO PLAINTIFF'S MOTION FOR STAY OF DISPOSITION OF DEFENDANT'S MOTION TO DISMISS PENDING LIMITED JURISDICTIONAL DISCOVERY**

Now comes the Defendant, Rodman & Company, Inc. (hereinafter "Rodman") and hereby objects to the Plaintiff's motion for stay of disposition of Defendant's motion to dismiss pending limited jurisdictional discovery. In further support of said objection, the Defendant relies upon its memorandum of law attached hereto.

Respectfully submitted,
Defendant,
Rodman & Co., Inc.
By its attorneys,

*/s/ Ronald Langlois*
Ronald Langlois, # 2891
Smith & Brink, P.C.
One State Street, Suite 400
Providence, RI 02908
Tel: (401) 351-9970
Fax: (401) 274-6218

## CERTIFICATION

I hereby certify that I mailed a true copy of the within to **Thomas R. Noel, Esquire, John Harrington, Esquire,** Noel & Gyorgy, LLP, 50 South Main Street, Providence, RI 02903 on the 12th day of December, 2006.

*/s/ Ronald Langlois*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSEPH A. THOMAS, LTD
Plaintiff,

v. C.A. No.: 06-440ML

RODMAN & COMPANY, INC.
Defendant

**DEFENDANT, RODMAN & COMPANY, INC.'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S MOTION FOR STAY OF DISPOSITION OF DEFENDANT'S MOTION TO DISMISS PENDING LIMITED JURISDICTIONAL DISCOVERY**

The plaintiff, Joseph A. Thomas, Ltd., brought this action against defendant, Rodman, for unfair competition, false designation of origin, and trade dress infringement. The plaintiff alleges that this court has personal jurisdiction over Rodman due to its contacts with and within the State of Rhode Island. Conspicuously absent from the plaintiff's Complaint are any facts upon which it relies to prove the defendant's contacts with and within the State of Rhode Island. As previously stated in Defendant's memorandum of law in support of its motion to dismiss for lack of personal jurisdiction, there is no basis for finding that Rodman is subject to personal jurisdiction in Rhode Island.

Additional discovery is not warranted where, as here, the only basis for an allegation of personal jurisdiction is speculation. See, Poe v. Babcock, Int'l, 662 F.Supp. 4, 7 (M.D. Pa. 1985).

There is no basis for the exercise of general jurisdiction over Rodman, because Rodman does not carry on any - much less continuous, purposeful and systematic -

activities within the State of Rhode Island. Rodman is a California corporation that is headquartered and has its only office in North Hollywood. Rodman does not maintain an office nor has any employees in Rhode Island. Rodman is not registered, licensed or otherwise authorized to do business in Rhode Island and has not appointed an agent for service of process in Rhode Island. It does not own or lease any real or personal property in Rhode Island. Rodman does not maintain a telephone listing, mailing address or post office box in Rhode Island.

Rodman has no bank accounts in Rhode Island. Rodman does not advertise or direct any marketing or sales efforts specifically towards Rhode Island and has no customers in Rhode Island.[1] Rodman derives no income from Rhode Island sources and has never paid or been required to pay income tax to the State of Rhode Island.

Rodman's demonstrated lack of contacts with Rhode Island precludes the exercise of jurisdiction by this Court. *Central Tools, Inc. v. Chicago Brand Industrial, Inc.*, 72 U.S.P.Q. 2d 1830 (R.I. 2004); 2004 U.S. Dist. LEXIS 27062.

As this court is aware, the parties to this litigation are not strangers. They are frequently competitors at the same trade shows. Relatedly, the representative for Thomas, who purchased the product in question in Nevada, had previously worked for Rodman from 1995 through 1998. (Exhibit "A")

---

[1] Rodman & Co. Inc. has had no direct sales made to customers in Rhode Island. Except on October 24, 2006, a Mrs. Julienne Smith called Rodman and indicated that her dad had bought a Rodman drill at the "Big E" in Massachusetts a "couple" of years ago. She claimed she borrowed the drill from her dad and her husband had broken a drill bit out of the set. She asked if a replacement drill bit could be mailed to her. The cost was $6.95.

Despite the parties' familiarity, the plaintiff has come forth with no evidence that Rodman engaged in business in Rhode Island sufficient to warrant jurisdiction.

Conspicuously absent from plaintiff's papers is any affidavit from the plaintiff or its representatives affirming that: a) Rodman has attended or regularly attends trade shows in Rhode Island; b) Rodman sold the product in question in Rhode Island; c) Rodman advertises the product in question in Rhode Island; d) or Rodman has any contact with Rhode Island. This is the type of information one would expect the plaintiff to possess.

"Since plaintiff has met defendant's affidavit evidence with mere speculation, plaintiff's request for an opportunity to conduct discovery on the matter must be denied. It would be inappropriate for this court to allow plaintiff to conduct a fishing expedition in order to construct a basis for jurisdiction." (Citations Omitted); Poe v. Babcock, Int'l, 662 F. Supp. 4, 11 (M.D.Pa. 1985).

"Mere speculation, however, in the face of affidavit evidence conclusively to the contrary, necessitates denying plaintiff's request." See, Fed R. Civ. P. 56(e); cf. Marks v. U.S. Department of Justice, 578 F. 2d 261, 263 (9th Cir. 1978) ("conclusory allegations unsupported by factual data will not create a triable issue of fact."). Where "[p]laintiff had no substantive basis for believing that personal jurisdiction existed when it commenced this suit, and it is inappropriate to grant them the opportunity to conduct a fishing expedition in an attempt to manufacture such a basis." Leema Enterprises, Inc. v. Willi, 575 F.Supp. 1533, 1536 (S.D.N.Y. 1983).

"Where a plaintiff wants to subject a distant defendant to discovery in order to determine whether sufficient contacts support jurisdiction, it is reasonable for a court exercising its power under Rule 26(b)(2) to expect the plaintiff to show a colorable basis for jurisdiction before subjecting the defendant to intrusive and burdensome discovery in that distant forum." Ellis v. Fortune Seas, Ltd., 175 F.R.D. 308, 312 (S.D. Ind. 1997)

"In many cases courts have properly limited or denied discovery on jurisdictional issues where the plaintiff failed to make some threshold showing - sometimes called a "*prima facie*" showing, other times called a "colorable" showing - of a plausible basis for exercising jurisdiction over the defendant." See Naartex Consulting Corp. v. Watt, 232 U.S. App. D.C. 293, 722 F.2d 779, 788 (D.C. Cir. 1983) (upholding denial of discovery on personal jurisdiction issues where the pleadings contained no specific facts that could establish the requisite contacts with the jurisdiction); McLaughlin v. McPhail, 707 F.2d 800, 806-07 (4th Cir. 1983) (upholding denial of discovery on personal jurisdiction where plaintiff offered only bare allegations of "significant contacts" with forum); Greenspun v. Del E. Webb Corp., 634 F.2d 1204, 1208 n.5 (9th Cir. 1980) (upholding denial of discovery on jurisdictional facts); Lehigh Valley Indus., Inc. v. Birenbaum, 527 F.2d 87, 93-94 (2d Cir. 1975) ("bland assertion" of conspiracy involving distant defendant was insufficient to justify discovery on jurisdictional issues); Hansen v. Neumueller GmbH, 163 F.R.D. 471, 474 -76 (D. Del. 1995) (plaintiff failed to come forward with evidence sufficient to justify discovery on personal jurisdiction issues ); Rose v. Granite City Police Dep't, 813 F. Supp. 319, 321 (E.D. Pa. 1993) (plaintiff failed to make threshold showing of personal jurisdiction sufficient to justify discovery); Volkswagen de Mexico, S.A. v. Germanischer Lloyd, 768 F. Supp. 1023, 1028 (S.D.N.Y. 1991) (denying

discovery on jurisdictional facts where plaintiff failed to make *prima facie* showing of basis for personal jurisdiction over two defendants); Rich v. KIS California, Inc., 121 F.R.D. 254, 259 (M.D.N.C. 1988) (denying discovery against defendant where plaintiff's claim of jurisdiction was both attenuated and based on unsupported allegations); Poe v. Babcock International, plc, 662 F. Supp. 4, 7 (M.D. Pa. 1985) (plaintiff failed to come forward with any evidence sufficient to support allegations of jurisdiction based on corporate "alter ego" theory, so discovery was not warranted); Leema Enterprises, Inc. v. Willi, 575 F. Supp. 1533, 1536 (S.D.N.Y. 1983) (denying discovery on jurisdictional facts where plaintiff provided only "mere speculation" as to basis for personal jurisdiction). Requiring a threshold showing of a colorable basis for exercising jurisdiction is consistent with both the purpose of the due process requirement of minimum contacts and the district court's obligation to control discovery under Rule 26(b)(2)." Id.

Conclusion

For all the foregoing reasons, Rodman requests that the Plaintiff's motion for stay of disposition of defendant's motion to dismiss pending limited jurisdictional discovery be denied.

Respectfully submitted,
Defendant,
Rodman & Co., Inc.
By its attorneys,

*/s/ Ronald Langlois*

Ronald Langlois, # 2891
Smith & Brink, P.C.
One State Street, Suite 400
Providence, RI 02908
Tel: (401) 351-9970
Fax: (401) 274-6218

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within to **Thomas R. Noel, Esquire, John Harrington, Esquire,** Noel & Gyorgy, LLP, 50 South Main Street, Providence, RI 02903 on the 12th day of December, 2006.

*/s/ Ronald Langlois*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

JOSEPH A. THOMAS, LTD
Plaintiff,

V. C.A. No.: 06-440ML

RODMAN & COMPANY, INC.
Defendant

**AFFIDAVIT OF DALE CHESGREEN**

Dale Chesgreen, being duly sworn, deposes and says:

1. I am the President of Rodman & Co., Inc. and have served in this capacity since January of 1973. I make this declaration based upon my personal knowledge and my review of documents in Rodman & Co., Inc.'s possession.

2. Keith Stevens was a sales representative for Rodman & Company, Inc. from 1995 through April 1998. *

3. Keith Stevens was familiar with the trade shows that Rodman & Company, Inc. attended.

4. Keith Stevens was familiar with Rodman & Company, Inc.'s business practices.

5. Keith Stevens currently works for Joseph A. Thomas, Ltd.

6. Keith Stevens purchased a Chinese nibbler from Rodman & Company, Inc. at a trade show in Las Vegas, Nevada.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS THE 12 DAY OF Dec, 2006.

Dale Chesgreen
DALE CHESGREEN

Subscribed and sworn before me on this ___ day of ___________, 2006.

______________________
Notary Public
Commission expires:

EXHIBIT A