**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOSEPH A. THOMAS, LTD<br>Plaintiff | : | |
| V. | : | C.A. No. 06-440 ML |
| RODMAN & COMPANY, INC.<br>Defendant | : | |

**PLAINTIFF'S MOTION TO AMEND COMPLAINT AGAINST DEFENDANT RODMAN & CO., INC.**

The plaintiff, Joseph A. Thomas, LTD. ("Thomas"), hereby moves pursuant to Rule 15 of the Federal Rules of Civil Procedure for permission to file and serve an Amended Complaint in the form attached hereto as Exhibit A. The proposed amended pleading seeks a declaratory judgment (new Count I and new Count II) as to issues that have arisen both before and after the commencement of this action concerning the rights of the parties *vis a vis* the *Agreement of Compromise and Settlement* entered by the parties to end the prior lawsuit between them in this Court. Thomas relies further on the Memorandum In Support filed contemporaneously herewith.

Plaintiff does not believe that oral argument or an evidentiary hearing is necessary for the Court to rule on this Motion.

Date: February 13, 2007

JOSEPH A. THOMAS, LTD
By Its Counsel,

Thomas R. Noel, Esq. (#4239)
John R. Harrington, Esq. (#7173)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)
TNoel@LawNoel.com

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 13th day of February, 2007, a copy of this document was served by electronic means to Ronald P. Langlois, Esq., Smith & Brink, P.C., One State Street, Suite 400, Providence RI 02908.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOSEPH A. THOMAS, LTD<br>Plaintiff | : | |
| V. | : | C.A. No. 06-440 ML |
| RODMAN & COMPANY, INC.<br>Defendant | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND COMPLAINT**

## I. INTRODUCTION

Plaintiff, Joseph A. Thomas, LTD. ("Thomas"), has moved pursuant to Rule 15 of the Federal Rules of Civil Procedure for permission to file and serve an Amended Verified Complaint. The proposed amended pleading would add declaratory judgment counts (new Count I and new Count II) to settle the disputed rights of the parties *vis a vis* the *Agreement of Compromise and Settlement* entered by the parties to end a prior lawsuit between them in this Court. Issues and questions concerning the rights of the parties have arisen both before and after the initial complaint in this matter concerning the use of patented technology and trade dress once claimed by the defendant in the earlier action in this Court. The positions of the defendant now stand in apparent contradiction to positions taken by the defendant in the *Agreement of Compromise and Settlement*, which settled the earlier action, and plaintiff wishes to have those issues adjudicated and resolved by this Court.

## II. FACTS RELEVANT TO THIS MOTION

The facts relevant to this Motion are more expansively recited in Thomas' proposed *Amended Complaint*, but will be summarized briefly for purposes of this Motion.

Thomas for several years has marketed and sold a hand-held, drill-powered cutting tool commonly referred to in the industry as a "nibbler."[1] Thomas sells its nibbler tool under the name "Bad Dog Biter." Thomas' Bad Dog Biter is a two-headed nibbler that employs specific improvements over earlier nibbler tools including a freely rotatable nibbler head and a design of the nibbler mechanism that utilizes a single, pass-through punch that can be replaced periodically without need to disassemble the nibbler body. Thomas has obtained two United States patents on its nibbler tool.[2] Thomas markets and makes most of its sales at large, exposition-style trade shows held in cities throughout the United States.[3]

Thomas' Bad Dog Biter nibbler is packaged in a distinctive blue metal box with a customized yellow foam-rubber inner casing. The product itself has a metallic finished, stepped-cylindrical shaped body, dual black metal cutting heads, and a removable blue plastic handle-grip. It is packaged, displayed, and sold with a pass-through replacement punch and custom wrench placed in pre-cut depressions in the box's yellow foam-rubber insert:




Thomas' Bad Dog Biter

[1] A nibbler tool, when attached to the drive of a common power drill, translates the rotary motion of the drill to cause a hardened steel "punch" or "die" to oscillate up and down at high speeds along the cutting edge of the nibbler tool. The nibbler can thereby be directed to "nibble" through sheet metal, plastic, wood, and other such relatively flat, thin surface material.

[2] Thomas is the owner of United States Pat. No. 7,047,613B2, covering a method of punch replacement in the two-headed nibbler device, and United States Pat. No. 7,171,754, covering an improved blade assembly for double-headed nibbler tools.

[3] Proposed Amended Complaint, ¶¶ 5-8.

*Verified Complaint*, ¶ 9.

Rodman for years sold its own nibbler tool, the "Rodman Nibbler," which had a single cutting head, a yellow stepped-cylindrical body, and was sold in a black metal tool box in a gray, sponge-like foam insert:





The Rodman Nibbler

*Verified Complaint*, ¶ 10.

In December 2000, Rodman commenced litigation against Thomas in the United States District Court for the District of Rhode Island (*Patrick Lang and Rodman & Company, Inc. v. Joseph A. Thomas, Ltd.* C.A. No. 00-611ML ) alleging trade dress and patent infringement and other claims against Thomas concerning an earlier version of a nibbler tool sold by Thomas. Rodman claimed trade dress protection in, inter alia, the product coloring of the Rodman Nibbler, and also asserted that Thomas was unfairly competing against the Rodman Nibbler by marketing a nibbler which was almost identical in appearance to the Rodman Nibbler. Thomas filed counterclaims seeking damages and a nullification of the patent held by Rodman's nibbler supplier. *Verified Complaint*, ¶ 11.

The parties negotiated and entered into a settlement agreement ("Settlement Agreement") prior to trial, with no restrictions placed on the nibbler tools as designed and packaged that each party was importing and selling at the time, namely, the Rodman Nibbler and Thomas' Bad Dog Biter. However, the parties placed restrictions, obligations, and

conditions on their actions going forward. Among other things, Thomas and Rodman agreed that Thomas would not sell nibblers in the United States utilizing the yellow body/black handle color configuration utilized by Rodman unless Rodman either failed to cease selling silver colored nibblers within six months of the agreement or if Rodman at any time thereafter sold nibblers in any color combination other than the yellow body/black handle configuration. (Settlement Agreement ¶3.04) Thomas also agreed to maintain the structure and configuration of the cutting heads of all Bad Dog Biters to within general manufacturing tolerances found in Bad Dog Biter heads being sold at the time. Thomas has complied with all restrictions and obligations of the Settlement Agreement.

Sometime during 2006, Rodman began importing and selling a nibbler tool that is significantly different from the Rodman Nibbler and essentially identical to the Bad Dog Biter:



Rodman Nibbler Rodman Nibbler II

As seen in the above side-by-side comparison depicting the first Rodman Nibbler (on the left) and the newly added nibbler sold by Rodman (on the right), Rodman has changed the color of the tool it is selling from yellow to metallic silver, changed the metal box housing the tool from black to blue, changed the formed interior packaging that holds the tool (and displays it at trade shows) from gray sponge-like foam to yellow, hard foam rubber, and is now including with the new nibbler (the "Rodman Nibbler II") a two-sided, pass-through

punch and a wrench. The Rodman Nibbler II is a "double headed nibbler," with two cutting heads mounted to the body; the plastic handle-grip is designed to fit over the cutting head that is not in use. *Verified Complaint*, ¶¶ 13-15.

The recently sold Rodman Nibbler II is substantially identical to Thomas' Bad Dog Biter, including the double-headed feature, the stepped cylindrical metallic silver body, the blue metal tool box, the yellow foam rubber insert, the slip-over plastic handle grip covering one of the two cutting heads, and the inclusion of an extra black steel cutting head, an extra two-headed, pass-through punch, and a hex wrench for adjustments right in the box:



Thomas' Bad Dog Biter  Rodman Nibbler II

Rodman has informed its customers at trade shows that The Rodman Nibbler II is "just like" the Bad Dog Biter, at times gesturing and referring customers to demonstrations of the Bad Dog Biter being carried out at Thomas' show booth nearby. *Verified Complaint*, ¶¶ 16-20.

Rodman claimed patent protection of certain, limited technology contained in the Rodman Nibbler through a patent held by its supplier, U.S. Patent No. 4,748,744 (the "'744 Patent"). Though Rodman dismissed its claims of infringement of the '744 Patent in the settlement of the prior litigation, upon information and belief, Dale Chesgreen, the President of Rodman, believes and has told others that the Bad Dog Biter infringes the '744 Patent. Rodman made reference to and attached a copy of the '744 Patent to its *Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction* filed in this litigation on

November 1, 2006, and Rodman maintains that both the Bad Dog Biter and the Rodman Nibbler II are composed of components "similar in mechanical function to Rodman's patented product, U.S. Patent Number 4,748,744." (*See* Rodman's *Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction*, at 6)

## III. ARGUMENT

### A. THE COURT SHOULD GRANT LEAVE TO AMEND THE ORIGINAL VERIFIED COMPLAINT.

Rule 15(a) states that a party may amend its pleading "by leave of court..." and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. Rule 15(a). As this Court has observed:

> The Supreme Court has established that leave to amend should be given in less the amendment would be futile, if the opposing party will be prejudiced by virtue of allowing the amendment or if there has been undue delay in seeking the amendment.

*In Re Gtech Holdings Corp. Securities Litigation*, 32 Fed R.Serv.3d 604, 1995 W.L. 500414, *9 (D.R.I. March 16, 1995), citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

None of the limiting factors enumerated above is present in this case. First, this matter was commenced in October, 2006; there can be no claim of delay. Second, the amendment sought, seeking declaratory judgment concerning the rights of the parties as governed by the prior *Agreement of Compromise and Settlement*, states legally cognizable claims and is therefore not futile. Finally, the defendants cannot credibly claim that they would be prejudiced by virtue of the additional counts.[4] The additional claim for relief

[4] Plaintiff acknowledges defendant's pending motion to dismiss for lack of jurisdiction. That motion, though a separate issue, may be obviated by the instant *Motion to Amend*, as the Court clearly has jurisdiction over the defendant for purposes of resolving the differences of the parties *vis a vis* a settlement agreement entered in this jurisdiction.

simply seeks a declaration from the Court concerning the legal rights of the parties going forward. Thomas has governed its actions for the last four years based upon the expectations and conditions contained in the *Agreement of Compromise and Settlement*. Thomas believes that Rodman's recent actions have nullified key restrictions contained in the agreement, and that the rights of the parties must be construed. The amendment sought would do just that.

## IV. <u>CONCLUSION</u>

For the reasons stated herein, plaintiff's *Motion to Amend* should be granted, and the plaintiff should be permitted to file and serve the *First Amended Verified Complaint* forthwith.

Date: February 13, 2007

JOSEPH A. THOMAS, LTD
By Its Counsel,

Thomas R. Noel, Esq. (#4239)
John R. Harrington, Esq. (#7173)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)
TNoel@LawNoel.com

## CERTIFICATE OF SERVICE

I do hereby certify that on the 13th day of February, 2007, a copy of this document was served by electronic means to Ronald P. Langlois, Esq., Smith & Brink, P.C., One State Street, Suite 400, Providence RI 02908.