**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOSEPH A. THOMAS, LTD<br>Plaintiff | : | |
| V. | : | C.A. No. 06-440 ML |
| RODMAN & COMPANY, INC.<br>Defendant | : | |

**PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

The plaintiff, Joseph A. Thomas, LTD. ("Thomas"), hereby moves pursuant to Rule 37 of the Federal Rules of Civil Procedure for an *Order* requiring that defendant Rodman & Company, Inc. ("Rodman") provide signed *Answers* to Thomas' *First Set of Interrogatories* as required by Rules 33(b)(1) and (2) of the Federal Rules of Civil Procedure. In addition, Thomas moves for an *Order* requiring that Rodman provide full and complete *Answers* to Thomas' *First Set of Interrogatories*. The grounds for this Motion are set forth in the attached *Memorandum* and exhibits filed therewith.

Thomas requests a hearing on this *Motion*.

**Rule 37(a)(2)(A) Certification**

The undersigned certifies that he has in good faith attempted to confer with opposing counsel concerning the matters contained herein so as to avoid the necessity of court intervention, without success.

Date: April 30, 2007

JOSEPH A. THOMAS, LTD
By Its Counsel,

/s/ John R. Harrington
Thomas R. Noel, Esq. (#4239)
John R. Harrington, Esq. (#7173)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)
TNoel@LawNoel.com

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 30th day of April, 2007, a copy of this document was served by electronic means to Ronald P. Langlois, Esq., Smith & Brink, P.C., One State Street, Suite 400, Providence RI 02908.

/s/ John R. Harrington

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOSEPH A. THOMAS, LTD<br>Plaintiff | : | |
| V. | : | C.A. No. 06-440 ML |
| RODMAN & COMPANY, INC.<br>Defendant | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

On January 5, 2007, the plaintiff, Joseph A. Thomas, LTD. ("Thomas"), served *Interrogatories* and *Requests for Production of Documents* on the defendant, Rodman & Company, Inc. ("Rodman"). Thomas' initial discovery was focused on jurisdictional issues, in light of Rodman's pending motion to dismiss.

As of the date of this Motion, Rodman has failed to provide Thomas with signed copies, executed under oath, of its Interrogatory Answers as required by Rules 33(b)(1) and (2) of the Federal Rules of Civil Procedure. This Motion seeks an *Order* compelling an executed and verified copy of the interrogatory *Answers* already provided, and further *Answers* to Interrogatories Nos. 5, 6, 11, 12, 13, and 14.[1]

**INTERROGATORY 5:** Please state whether Rodman, or any of its agents, distributors, resellers, independent contractors, or representatives of any kind, including but not limited to the "independent sales representatives" referred to in paragraph 6 of the Affidavit of Dale Chesgreen dated October 26, 2006, have sold, displayed, or otherwise marketed Rodman products at trade shows or other venues located in the State of Rhode Island at any time. If the answer is "yes," for the last five (5) shows attended, identify:

[1] As required by Local Rule 37(a), each discovery request and the corresponding answer is set forth below, followed by Plaintiff's argument as to why further answer should be ordered. Rodman's unsigned *Answers* to Thomas' *First Set of Interrogatories* are attached as Exhibit A.

a. the dates such products were sold, displayed or otherwise marketed;
b. the location of the shows or venues;
c. the name and address of the person(s) attending the shows or venues on Rodman's behalf;

d. the amount of business transacted during or as a result of each such show or venue; and

e. the products sold at each such show or venue.

**Response:**

**ANSWER:** The Defendant objects to this interrogatory to the extent that it is overly broad in that it is not limited to a reasonable time period. Without waiving this objection and expressly subject thereto, the Defendant states that to the best of its knowledge neither Rodman nor any of its agents, or independent sales representatives sold or otherwise marketed products at trade shows in Rhode Island since January 1, 2000.

Rodman has chosen to not answer the interrogatory as framed, but rather to provide a limited and qualified response to a question of its own choosing.

Moreover, Rodman has qualified even that answer with the phrase "to the best of its knowledge." It appears that Rodman is attempting to hide behind – while at the same time shielding discovery of – its relationship with, and the activities of, its self-proclaimed "independent sales representatives." If Rodman has no knowledge – or limited knowledge - of whether its "agents" and "independent sales representatives" sold, displayed, or otherwise marketed product in Rhode Island, it should state so. (Thus, it is even more important that Rodman produce the documents requested in Thomas' *Request for Production of Documents* No. 2, as detailed in Thomas' *Motion to Compel Production of Documents*.)

Thomas is entitled to a full and unambiguous answer to the interrogatory as propounded.

**INTERROGATORY 6:** Please identify each and every sale made by Rodman or any employee, agent, distributor, reseller, independent contractor, or representative of Rodman, at any time since January 1, 2000, to any person or entity residing in, located in, or having an office in the State of Rhode Island, and for each sale so identified:

a. Provide the date of the sale and where the sale was made;
b. Identify the person or entity to whom the sale was made;
c. Describe the goods sold;
d. Identify any written evidence of the sale; and
e. Identify the person who made the sale.

**Response:**

**ANSWER:** Pursuant to Federal Rule of Civil Procedure 33(d), please see attached invoices. The sales for invoice numbers 170896, 170874, 170895 were made in Las Vegas, Nevada.

Rodman produced three sales slips evidencing sales to Rhode Island residents. All those sales, however, occurred during a three-month period between October 2006 and January 2007. It is not probable that there were sales during the three months immediately preceding the Interrogatories, but not before. The objective conclusion would be that Rodman confined its inquiry – or its response – to only the handful of weeks immediately prior to the interrogatory. Sales of Rodman products to Rhode Island residents prior to October 2006 – not just after that time - are obviously relevant to the issue of jurisdiction.

In addition, the invoices produced do not uniformly provide the location of the sale, the person to whom the sale was made, an adequate description of the goods sold, an identification of records of the sale, or the name of the person who made the sale, as requested in the subparts of the interrogatory. All might be or lead to relevant evidence concerning jurisdiction.

**INTERROGATORY 11:** Please identify, for each distributor, reseller, agent, affiliate, independent contractor, or representatives of any kind including but not limited to the "independent sales representatives" referred to in paragraph 6 of the Affidavit of Dale Chesgreen dated October 26, 2006:

a. its name, address, and principal place of business;
b. the nature and essential terms of Rodman's relationship with such person or entity;
c. whether such relationship is evidenced by a written contract or similar document;
d. the dates Rodman sold its products to or through such person or entity; and
e. the shows, stores, venues, or other methods through which each such person or entity has sold, displayed, or otherwise marketed Rodman's products.

**Response:**

**ANSWER:** a. Mr. Dean Longo, Los Angeles, CA; Mr. Ron Phelps, Salem OR; Ms. Cindi Veitch, Los Angeles, CA; Mr. Allen Blackard, Kerrville, TX; Mr. Robert Anderson, Albom, MN; Mr. Brendan Rice, Tumwater, WA; Mr. Ted Baum, Burbank, CA.

The Defendant objects to the remaining subsets of this interrogatory on the grounds that it seeks information which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence as to whether Rodman engaged in sufficient business in Rhode Island for this Court to confirm personal jurisdiction. The Defendant further objects to this interrogatory on the grounds that it is beyond the scope of discovery permitted by this Court relative to the issue of jurisdiction presented in this matter.

It again appears that Rodman is attempting to hide behind – while at the same time shielding discovery of – its relationship with, and the activities of, its self-proclaimed "independent sales representatives." Rodman has repeatedly claimed that it sells and markets its products through "independent sales representatives." See e.g., Affidavit of Dale Chesgreen ¶ 6 submitted in support of Rodman's *Motion to Dismiss* ("*Chesgreen Aff.*" - attached here as Exhibit B). Yet it asserts that the nature and essential terms of Rodman's relationship with them, and its knowledge of the activities of these individuals, is irrelevant and immaterial. Thomas is entitled to probe the nature and

extent of Rodman's relationship with those individuals that market, display, and sell its products– including whether those terms are embodied in written documents, the dates Rodman sold its products to or through such persons, and the shows, stores, venues, or other methods through which each such person or entity has sold, displayed, or otherwise marketed Rodman's products. The activities of these individuals, the extent to which those activities are controlled or constrained by Rodman, and the extent to which those activities target or affect Rhode Island are matters which clearly inform the debate concerning the scope of this Court's jurisdiction.

**INTERROGATORY 12:** Please state whether Rodman, or any of its agents, distributors, resellers, independent contractors, or representatives of any kind including but not limited to the "independent sales representatives" referred to in paragraph 6 of the Affidavit of Dale Chesgreen dated October 26, 2006, have sold, displayed, or otherwise marketed Rodman products at trade shows or other venues located in Massachusetts or Connecticut. If the answer is "yes," for the last five (5) shows attended, identify:

a. the dates such products were sold, displayed or otherwise marketed;
b. the location of the shows or venues;
c. the name and address of the person(s) attending the shows or venues on Rodman's behalf;
d. the amount of business transacted during or as a result of each such show or venue; and the products sold at each such show or venue.

**Response:**

**ANSWER:** The Defendant objects to this interrogatory on the grounds that it seeks information which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence as to whether Rodman engaged in sufficient business in Rhode Island for this Court to confirm personal jurisdiction. The Defendant further objects to this interrogatory on the grounds that it is beyond the scope of discovery permitted by this Court relative to the issue of jurisdiction presented in this matter.

The information Thomas seeks is clearly reasonably calculated to lead to the discovery of evidence relevant to the jurisdictional question before the Court. Given the close proximity of any trade shows or other venues in those states to Rhode Island, it is

likely that product was sold or shipped to Rhode Island residents from those shows. Moreover, three of the four invoices produced (from the apparently limited search conducted by Rodman) in response to Thomas' Request for Production of Documents No. 3, evidence sales made to Rhode Island residents, *and product shipped into Rhode Island*, from a two-day period in which a trade show purportedly took place in Las Vegas, Nevada. It is highly probable that a higher number of sales and shipments of Rodman's products were made to Rhode Island residents from trade shows and other venues located in these neighboring states as compared to a trade show located in Nevada.

In addition, given Rodman's position that its products are sold by "independent sales representatives," and the possibility that Rodman does not have the information on sales made by these "independent sales representatives," Thomas is entitled to know which individuals attended shows or venues on Rodman's behalf, the dates and location of those shows, and the amount of business transacted at those shows, in order to make a determination of whether to seek sales and shipping information directly from those individuals.

**INTERROGATORY 13:** Please describe the essential terms of Rodman's agreements with each of the "independent sales representatives" referred to in paragraph 6 of the Affidavit of Dale Chesgreen dated October 26, 2006 concerning:

a. each representative's duties and obligations to Rodman;
b. any restrictions or conditions placed on each representative concerning where they may or may not sell or distribute Rodman products; and
c. whether the representatives purchase product from Rodman and resell them, procure orders for Rodman which then sells directly to the customer, or some other such arrangement.

**Response:**

**ANSWER:** The Defendant objects to this interrogatory on the grounds that it seeks information which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence as to whether Rodman engaged in sufficient business in Rhode Island for this Court to confirm personal jurisdiction. The Defendant further objects to this interrogatory on the grounds that it is beyond the scope of discovery permitted by this Court relative to the issue of jurisdiction presented in this matter.

Rodman has repeatedly claimed that its products are sold and marketed by "independent sales representatives," and yet claims its relationship with these individuals is off-limits to discovery. Such a position is untenable. It is highly probable that evidence of how Rodman conducts its business may show or lead to evidence concerning contacts with Rhode Island. Thomas is entitled to examine the nature and extent of these relationships, in order to determine whether or not these independent representatives could be conducting sales and marketing activities either in or directed at Rhode Island, and if so, whether these activities are being conducted with the approval, acquiescence, or at the direction of Rodman.

**INTERROGATORY 14:** Please state whether business records maintained by Rodman indicate the volume of business transacted by Rodman or its agents, distributors, resellers, independent contractors, representatives or anyone working on its behalf, either within the State of Rhode Island or with residents of the state of Rhode Island during the past five (5) years, and, if so:

a. identify the business records;
b. state the gross volume in dollars of that business; and
c. identify the person who has custody of those records

**Response:**

**ANSWER:** To the best of my knowledge Rodman has no business records relative to any business contracted by anyone within the State of Rhode Island or residents of the State of Rhode Island within the past five years, other than the attached invoices.

Rodman has again qualified its answer with the phrase "to the best of its knowledge. If Rodman's 'independent sales representatives" are truly "independent" it

would appear that Rodman would not have their business records." If Rodman does not have business records indicating the business activities of its "independent sales representatives," it should state so. If Rodman has its own business records or business records of its agents, distributors, resellers, "independent sales representatives," representatives or anyone working on its behalf who transacted within the State of Rhode Island or with residents of the state of Rhode Island during the past five (5) years, it should state so.

WHEREFORE, the plaintiff Joseph A. Thomas, LTD., respectfully requests an Order from the Court that the defendant Rodman & Company, Inc., provide within twenty (20) days a signed and executed under oath copy of its *Answers* to Plaintiff's *First Set of Interrogatories,* and further answers to Plaintiff's *First Set of Interrogatories* as described in the above *Memorandum.*

Date: April 30, 2007

JOSEPH A. THOMAS, LTD
By Its Counsel,

/s/ John R. Harrington
Thomas R. Noel, Esq. (#4239)
John R. Harrington, Esq. (#7173)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)
TNoel@LawNoel.com

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 30th day of April, 2007, a copy of this document was served by electronic means to Ronald P. Langlois, Esq., Smith & Brink, P.C., One State Street, Suite 400, Providence RI 02908.

/s/ John R. Harrington