**Exhibit A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSEPH A. THOMAS, LTD
Plaintiff,

V. C.A. No.: 06-440ML

RODMAN & COMPANY, INC.
Defendant

**DEFENDANT, RODMAN & COMPANY, INC.'S, ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO.1:**
Please identify the person executing the answers to these interrogatories, all titles and positions held by such person with the defendant at any time, and the date such person held each such title or position.

**ANSWER:** Dale Chesgreen, President, Rodman & Company, Inc., 1973.

**INTERROGATORY NO.2:**
Please state whether Rodman has, at any time, owned or had any interest whatsoever in any real estate or personal property in the State of Rhode Island. If yes, state:

a. a description of such property, including its location;

b. the nature of Rodman' s interest in such property;

c. the dates (inclusive) during which Rodman owned or had an interest in such property; and

d. the value of such property.

**ANSWER:** To the best of my knowledge Rodman has not owned or had any interest in any real estate or personal property in the State of Rhode Island.

**INTERROGATORY NO.3:**
Please state whether Rodman has had, at any time since January 1, 2000, any employees who, during the term of their employment, lived in, worked in, or solicited business in the State of Rhode Island. If the answer is "yes," please state:

a. the identity of such employee(s);

b. the dates of such employment;

c. the places where they were employed; and

d. the dates the employees worked within the State of Rhode Island.

**ANSWER:** To the best of my knowledge Rodman has at no time since January 1, 2000, had any employees who during the term of their employment lived in, worked in, or solicited business in the State Rhode Island.

**INTERROGATORY NO.4:**
Please state whether Rodman has had, under written or oral contract or agreement, any sales agents or representatives of any kind including but not limited to the "independent sales representatives" referred to in paragraph 6 of the Affidavit of Dale Chesgreen dated October 26, 2006, who lived in, worked in, or solicited business in the State of Rhode Island at any time since January 1, 2000. If the answer is "yes":

a. identify such person or entity by name, address, and principal place of business;

b. describe the nature and terms of Rodman' s relationship with such person or entity;

c. state whether such relationship is evidenced by a written contract or similar document;

d. state the dates Rodman sold its products to or through such person or entity; and

e. identify all shows, stores, venues, or other methods through which each such person or entity has sold, displayed, or otherwise marketed Rodman's products.

**ANSWER:** To the best of my knowledge Rodman has at no time since January 1, 2000, had any employees, sales representatives, or agents, who lived in, worked in, or solicited business in the State Rhode Island.

**INTERROGATORY NO.5:**
Please state whether Rodman, or any of its agents, distributors, resellers, independent contractors, or representatives of any kind, including but not limited to the "independent sales representatives" referred to in paragraph 6 of the Affidavit of Dale Chesgreen dated October 26, 2006, have sold, displayed, or otherwise marketed Rodman products at trade shows or other venues located in the State of Rhode Island at any time. If the answer is "yes," for the last five (5) shows attended, identify:

a. the dates such products were sold, displayed or otherwise marketed;

b. the location of the shows or venues;

c. the name and address of the person(s) attending the shows or venues on Rodman's behalf;

d. the amount of business transacted during or as a result of each such show or venue; and

e. the products sold at each such show or venue.

**ANSWER:** The Defendant objects to this interrogatory to the extent that it is overly broad in that it is not limited to a reasonable time period. Without waiving this objection and expressly subject thereto, the Defendant states that to the best of its knowledge neither Rodman nor any of its agents, or independent sales representatives sold or otherwise marketed products at trade shows in Rhode Island since January 1, 2000.

**INTERROGATORY NO.6:**
Please identify each and every sale made by Rodman or any employee, agent, distributor, reseller, independent contractor, or representative of Rodman, at any time since January 1, 2000, to any person or entity residing in, located in, or having an office in the State of Rhode Island, and for each sale so identified:

a. Provide the date of the sale and where the sale was made;

b. Identify the person or entity to whom the sale was made;

c. Describe the goods sold;

d. Identify any written evidence of the sale; and

e. Identify the person who made the sale.

**ANSWER:** Pursuant to Federal Rule of Civil Procedure 33(d), please see attached invoices. The sales for invoice numbers 170896, 170874, 170895 were made in Las Vegas, Nevada.

**INTERROGATORY NO.7:**
Please state whether Rodman has, at any time since January 1, 2000, entered into any contracts with any person located or having an office in the State of Rhode Island. If yes:

a. identify the other party to the contract;

b. identify the date of the contract;

c. provide a brief description of the subject matter and terms of the contract; and

d. identify any written evidence of the contract.

**ANSWER:** To the best of my knowledge Rodman has not entered into any contracts with any person located or having an office in the State of Rhode Island since January 1, 2000.

**INTERROGATORY NO.8:**
Please state whether Rodman, or any independent contractor working on Rodman's behalf, including but not limited to the "independent sales representatives" referred to in paragraph 6 of the Affidavit of Dale Chesgreen dated October 26,2006, has at any time since January 1, 2000 directly or indirectly shipped any goods into the State of Rhode Island. If the answer is "yes," then:

a. Identify the person to whom the goods were shipped;

b. Describe the goods;

c. Give the date of the shipment;

d. Give the place to which the goods were shipped;

e. Identify any written evidence of the shipment.

**ANSWER:** The Defendant's answer to interrogatory number 6 is incorporated herein by reference.

**INTERROGATORY NO.9:**
Please state whether Rodman, or anyone working on Rodman's behalf, has, at any time since January 1, 2000, solicited any business within the State of Rhode Island. If yes:

a. Identify the person who made the solicitation;

b. Identify the dates of all such solicitations; and

c. Describe the manner of solicitation.

**ANSWER:** To the best of my knowledge neither Rodman nor any working on his behalf has solicited any business within the State of Rhode Island since January 1, 2000.

**INTERROGATORY NO. 10:**
Please state whether Rodman has, at any time in the past five years, placed, authorized, paid for, or shared in the payment of any advertisement or any promotional material for its goods or services in any publication or media which was broadcast or distributed into the State of Rhode Island. If so, identify each such advertisement by:

a. the publication or media in which it appeared;

b. the date of the advertisement;

c. the cost of the advertisement; and

d. the amount of the cost that Rodman paid.

**ANSWER:** To the best of my knowledge, Rodman has not within the last five years, placed, authorized, paid for any advertisement or any promotional materials, or services in any publication or media which was broadcast or distributed into the State of Rhode Island. Rodman does have a website which is not specifically targeted for Rhode Island.

**INTERROGATORY NO. 11:**
Please identify, for each distributor, reseller, agent, affiliate, independent contractor, or representatives of any kind including but not limited to the "independent sales representatives" referred to in paragraph 6 of the Affidavit of Dale Chesgreen dated October 26, 2006:

a. its name, address, and principal place of business;

b. the nature and essential terms of Rodman's relationship with such person or entity;

c. whether such relationship is evidenced by a written contract or similar document;

d. the dates Rodman sold its products to or through such person or entity; and

e. the shows, stores, venues, or other methods through which each such person or entity has sold, displayed, or otherwise marketed Rodman's products.

**ANSWER:** a. Mr. Dean Longo, Los Angeles, CA; Mr. Ron Phelps, Salem OR; Ms. Cindi Veitch, Los Angeles, CA; Mr. Allen Blackard, Kerrville, TX; Mr. Robert Anderson, Alborn, MN; Mr. Brendan Rice, Tumwater, WA; Mr. Ted Baum, Burbank, CA.

The Defendant objects to the remaining subsets of this interrogatory on the grounds that it seeks information which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence as to whether Rodman engaged in sufficient business in Rhode Island for this Court to confirm personal jurisdiction. The Defendant further objects to this interrogatory on the grounds that it is beyond the scope of discovery permitted by this Court relative to the issue of jurisdiction presented in this matter.

**INTERROGATORY NO. 12:**
Please state whether Rodman, or any of its agents, distributors, resellers, independent contractors, or representatives of any kind including but not limited to the "independent sales representatives" referred to in paragraph 6 of the Affidavit of Dale Chesgreen dated October 26,2006, have sold, displayed, or otherwise marketed Rodman products at trade shows or other venues located in Massachusetts or Connecticut. If the answer is "yes," for the last five

(5) shows attended, identify:

a. the dates such products were sold, displayed or otherwise marketed;

b. the location of the shows or venues;

c. the name and address of the person(s) attending the shows or venues on Rodman's behalf;

d. the amount of business transacted during or as a result of each such show or venue; and

e. the products sold at each such show or venue.

**ANSWER:** The Defendant objects to this interrogatory on the grounds that it seeks information which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence as to whether Rodman engaged in sufficient business in Rhode Island for this Court to confirm personal jurisdiction. The Defendant further objects to this interrogatory on the grounds that it is beyond the scope of discovery permitted by this Court relative to the issue of jurisdiction presented in this matter.

**INTERROGATORY NO. 13:**
Please describe the essential terms of Rodman's agreements with each of the "independent sales representatives" referred to in paragraph 6 of the Affidavit of Dale Chesgreen dated October 26, 2006 concerning:

a. each representative's duties and obligations to Rodman;

b. any restrictions or conditions placed on each representative concerning where they mayor may not sell or distribute Rodman products; and

c. whether the representatives purchase product from Rodman and resell them, procure orders for Rodman which then sells directly to the customer, or some other such arrangement.

**ANSWER:** The Defendant objects to this interrogatory on the grounds that it seeks information which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence as to whether Rodman engaged in sufficient business in Rhode Island for this Court to confirm personal jurisdiction. The Defendant further objects to this interrogatory on the grounds that it is beyond the scope of discovery permitted by this Court relative to the issue of jurisdiction presented in this matter.

**INTERROGATORY NO. 14:**
Please state whether business records maintained by Rodman indicate the volume of business transacted by Rodman or its agents, distributors, resellers, independent contractors, representatives or anyone working on its behalf, either within the State of Rhode Island or

with residents of the state of Rhode Island during the past five (5) years, and, if so:

a. identify the business records;

b. state the gross volume in dollars of that business; and

c. identify the person who has custody of those records

**ANSWER:** To the best of my knowledge Rodman has no business records relative to any business contracted by anyone within the State of Rhode Island or residents of the State of Rhode Island within the past five years, other than the attached invoices.

**INTERROGATORY NO. 15:**

Please state whether Rodman has instituted or been a party to any legal proceedings in the state or federal courts of the State of Rhode Island or against any person or entity located in the State of Rhode Island during the past five (5) years (excepting the matter titled *Patrick Lang and Rodman & Company, Inc.* v. *Joseph A. Thomas, Ltd.* C.A. No. 00-611ML) and, if so, state:

a. the title, case number, and the name of the court in which the action was instituted;

b. the date that the action was instituted;

c. the nature of the claim sued upon; and

d. the place where the claim arose.

**ANSWER:** To the best of my knowledge Rodman has not instituted or been party to any legal proceedings in the state or federal Courts in the State of Rhode Island except for the matter titled *Patrick Lang and Rodman & Company, Inc v. Joseph A. Thomas, Ltd. C.A. No.: 00-611ML.*

Dale Chesgreen deposes and says that he is the President of Rodman & Company, Inc., the Defendant in the above matter, and that he signs the Answers to Interrogatories for and on behalf of said Defendant and is duly authorized to do so; the matters stated in

these Answers are not all within the personal knowledge of the deponent; that such facts as are stated in said Answers which are not within the personal knowledge of the deponent have been assembled by authorized employees and counsel of said Defendant; and that the deponent is informed and believes that the facts stated in these Answers are true and so states under the pains and penalties of perjury.

______________________________

Dale Chesgreen

Subscribed and sworn before me on this ___ day of ___________, 2007.

______________________________

Notary Public
Commission expires:

As to Objections:

__________________________

Ronald Langlois, # 2891
Smith & Brink, P.C.
One State Street, Suite 400
Providence, RI 02908
Tel: (401) 351-9970
Fax: (401) 274-6218

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within to **Thomas R. Noel, Esquire, John Harrington, Esquire,** Noel & Gyorgy, LLP, 50 South Main Street, Providence, RI 02903 on the ____ day of February, 2007.

____________________________

**Exhibit B**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSEPH A. THOMAS, LTD
Plaintiff,

V. C.A. No.: 06-440ML

RODMAN & COMPANY, INC.
Defendant

**AFFIDAVIT OF DALE CHESGREEN**

Dale Chesgreen, being duly sworn, deposes and says:

1. I am the President of Rodman & Co., Inc. and have served in this capacity since January of 1973. I make this declaration based upon my personal knowledge and my review of documents in Rodman & Co., Inc.'s possession.

General Background of Rodman & Co., Inc.

2. Rodman & Co, Inc. is a handling company that offers for sale various drill bits, sheet-metal cutting tools, pliers, wrenches and other accessories.

3. Rodman & Co., Inc. has its headquarters and its only office in North Hollywood, California. It employs approximately 3 people, all of whom live in California.

Contacts With Rhode Island

4. Rodman & Co., Inc. is a corporation organized and existing under the laws of California. Rodman & Co., Inc. does not maintain an office nor have any employees in Rhode Island. Rodman & Co., Inc. is not registered, licensed or otherwise authorized to do business in Rhode Island and has not appointed an agent for service of process in Rhode Island. It does not own or lease any real or personal property in Rhode Island. Rodman & Co., Inc. does not maintain a telephone listing, mailing address or post office box in Rhode Island. Rodman & Co., Inc. has no bank accounts in Rhode Island.

5. Rodman & Co., Inc. does not advertise or direct any marketing or sales efforts towards Rhode Island. Rodman & Co., Inc. derives no income from Rhode Island sources. Rodman & Co., Inc. has never paid or been required to pay income tax to the State of Rhode Island.

6. Rodman sells their product at trade shows and state fairs across the country through independent sales representatives.

7. Rodman & Co., Inc.'s sales representatives operate as independent contractors, none of which are located in Rhode Island.

8. Rodman & Co., Inc. has not done any trade shows in Rhode Island in the last five years.

9. Rodman & Co., Inc.'s products are purchased by visiting its booths at trade shows.

10. Rodman & Co, Inc. has a website to display the products. That website is passive and nothing is sent out to actively target buyers in Rhode Island.

11. Rodman & Co. Inc. has had no direct sales made to customers in Rhode Island. Except on October 24, 2006, a Mrs. Julienne Smith called Rodman and indicated that her dad had bought a Rodman drill at the "Big E" in Massachusetts a "couple" of years ago. She claimed she borrowed the drill from her dad and her husband had broken a drill bit out of the set. She asked if a replacement drill bit could be mailed to her. The cost was $6.95.

12. Rodman & Co., Inc. has not shipped any products to Rhode Island in the last five years except for the $6.95 drill bit.

13. Rodman & Co. has not sold any of the allegedly infringing product in Rhode Island.

14. To the best of my knowledge, Rodman & Co., Inc. has no contacts with the State of Rhode Island regarding any products other than the $6.95 drill bit sent to Julienne Smith.

15. Rodman & Co. has only been offering the allegedly infringing product for sale since July of 2006.

16. Rodman & Co. only sold eight of the allegedly infringing products, two of which were purchased by a representative of Joseph Thomas, Ltd.

17. Rodman & Co. did file a Complaint for patent infringement in the United States District Court for the District of Rhode Island in the year 2000. On behalf of Rodman & Co., I appeared for and attended the proceedings before the Court during the course of the litigation.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS THE 26 DAY OF October, 2006.

DALE CHESGREEN
AKA:- Warren Dale Chesgreen

Subscribed and sworn before me on this 26th day of OCTOBER, 2006.

HINA AZAM
COMM. #1411640
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires May 14, 2007

Notary Public
Commission expires: MAY 14, 2007