**Exhibit A**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

JOSEPH A. THOMAS, LTD
Plaintiff,

V. C.A. No.: 06-440ML

RODMAN & COMPANY, INC.
Defendant

**DEFENDANT, RODMAN & COMPANY, INC.'S, RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO.1:**
Documents sufficient to identify each and every employee, agent, distributor, reseller, independent contractor, or representative of Rodman, including but not limited to the "independent sales representatives" referred to in paragraph 6 of the Affidavit of Dale Chesgreen dated October 26, 2006, who has sold, marketed, or otherwise distributed merchandise for Rodman since January 1, 2000.

**RESPONSE:** The Defendant objects to this request on the grounds that it seeks information which is irrelevant, immaterial, and not reasonably calculated in the discovery of admissible evidence as to whether Rodman engaged in sufficient business in Rhode Island for this Court to confirm personal jurisdiction. The Defendant further objects to this request on the grounds that it is beyond the scope of discovery permitted by this Court relative to the issue of jurisdiction presented in this matter. Without waiving said objection please see the individuals identified in defendant's answer to plaintiff's interrogatory number 11.

**REQUEST NO.2:**
All contracts, agreements, or similar documents concerning any agreement between Rodman and any employee, agent, distributor, reseller, independent contractor, or representative of Rodman, including but not limited to the "independent sales representatives" referred to in paragraph 6 of the Affidavit of Dale Chesgreen dated October 26, 2006, concerning the sale, marketing, or distribution of merchandise for Rodman, entered into or in effect at any time since January 1, 2000.

**RESPONSE:** The Defendant objects to this request on the grounds that it seeks information which is irrelevant, immaterial, and not reasonably calculated in the discovery of admissible evidence as to whether Rodman engaged in sufficient business in Rhode Island for this Court to confirm personal jurisdiction. The Defendant further objects to this request on the grounds that it is beyond the scope of discovery permitted by this Court relative to the issue of jurisdiction presented in this matter.

**REQUEST NO.3:**
All documents, including but not limited to purchase orders, invoices, receipts, correspondence and customer lists, sufficient to identify the dates of sale, the products or components sold, and the names and addresses of all purchasers of any Rodman products or component parts for such products, whether made by Rodman or any employee, agent, distributor, reseller, independent contractor, or representative of Rodman, including but not limited to the "independent sales representatives" referred to in paragraph 6 of the Affidavit of Dale Chesgreen dated October 26,2006, to any person or entity residing in, located in, or having an office in the State of Rhode Island, at any time since January 1,2000.

**RESPONSE:** Please see attached invoice numbers 165752, 170895, 170874, and 170896.

**REQUEST NO.4:**
All records of sales made by Rodman or any employee, agent, distributor, reseller, independent contractor, or representative of Rodman, including but not limited to the "independent sales representatives" referred to in paragraph 6 of the Affidavit of Dale Chesgreen dated October 26,2006, at or arising from the Eastern States Exposition (commonly known as "The Big 'E'") in Massachusetts in 2006.

**RESPONSE:** The Defendant objects to this request on the grounds that it seeks information which is irrelevant, immaterial, and not reasonably calculated in the discovery of admissible evidence as to whether Rodman engaged in sufficient business in Rhode Island for this Court to confirm personal jurisdiction. The Defendant further objects to this request on the grounds that it is beyond the scope of discovery permitted by this Court relative to the issue of jurisdiction presented in this matter.

**REQUEST NO.5:**
All records of sales of the "Rodman II Nibbler" as such is identified in paragraphs 14-19 of the Verified Complaint in this matter, to whomever made.

**RESPONSE:** Please see attached.

**REQUEST NO.6:**
All contracts, agreements, and other documents concerning Rodman's participation or appearance at any show, venue, or exposition held or taking place within Rhode Island, Massachusetts, or Connecticut at any time since January 1, 2000, including but not limited to contracts with the shows or venues themselves.

**RESPONSE:** The Defendant has no such documents in its possession custody or control for Rhode Island, or Connecticut. With respect to Massachusetts, the Defendant objects to this request on the grounds that it seeks information which is irrelevant, immaterial, and not reasonably calculated in the discovery of admissible evidence as to whether Rodman engaged in sufficient business in Rhode Island for this Court to confirm personal jurisdiction. The Defendant further objects to this request on the grounds that it is beyond

the scope of discovery permitted by this Court relative to the issue of jurisdiction presented in this matter.

**REQUEST NO.7:**
All marketing and sales material including a copy of each and every advertisement and item of promotional material, on whatever media, including but not limited to, television advertisements, mailings, newspaper advertisements, marketing brochures, catalogs, website and Internet content, in any way depicting Rodman and/or Rodman's products that was broadcast, mailed, or in any way distributed in or into the state of Rhode Island since January 1, 2000.

**RESPONSE:** The Defendant has no such documents in its possession, custody or control. The Defendant does have a website which may be accessed from the internet within Rhode Island. (The contents of the website are readily available for the Plaintiff).

**REQUEST NO.8:**
All notes, memoranda, correspondence, emails and other documents concerning or discussing Joseph A. Thomas, LTD. ("Thomas") or the Bad Dog Biter sold by Thomas, or concerning or discussing Rodman's amenability to legal process in the State of Rhode Island, written or created at any time since the termination of prior litigation between the parties in November 2002.

**RESPONSE:** The Defendant objects to this request to the extent that it seeks materials protected by attorney client privilege. Without waiving this objection an expressly subject thereto, the Defendant has no such documents in its possession, custody or control.

**REQUEST NO.9:**
All documents, written records, and recordings of any nature that were used or relied upon to aid in answering the written Interrogatories served upon you in this matter.

**RESPONSE:** The Defendant has no such documents in its possession, custody or control.

Defendant,
By its attorneys,

Ronald Langlois, Esq. #2891
Smith & Brink, P.C.
One State Street, Suite 400
Providence, RI 02908
Tel: (401) 351-9970
Fax: (401) 274-6218

# CERTIFICATION

I hereby certify that I mailed a true copy of the within to **Thomas R. Noel, Esquire, John Harrington, Esquire,** Noel & Gyorgy, LLP, 50 South Main Street, Providence, RI 02903 on the ____ day of February, 2007.

______________________________

**Exhibit B**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

JOSEPH A. THOMAS, LTD
Plaintiff,

V. C.A. No.: 06-440ML

RODMAN & COMPANY, INC.
Defendant

**AFFIDAVIT OF DALE CHESGREEN**

Dale Chesgreen, being duly sworn, deposes and says:

1. I am the President of Rodman & Co., Inc. and have served in this capacity since January of 1973. I make this declaration based upon my personal knowledge and my review of documents in Rodman & Co., Inc.'s possession.

General Background of Rodman & Co., Inc.

2. Rodman & Co, Inc. is a handling company that offers for sale various drill bits, sheet-metal cutting tools, pliers, wrenches and other accessories.

3. Rodman & Co., Inc. has its headquarters and its only office in North Hollywood, California. It employs approximately 3 people, all of whom live in California.

Contacts With Rhode Island

4. Rodman & Co., Inc. is a corporation organized and existing under the laws of California. Rodman & Co., Inc. does not maintain an office nor have any employees in Rhode Island. Rodman & Co., Inc. is not registered, licensed or otherwise authorized to do business in Rhode Island and has not appointed an agent for service of process in Rhode Island. It does not own or lease any real or personal property in Rhode Island. Rodman & Co., Inc. does not maintain a telephone listing, mailing address or post office box in Rhode Island. Rodman & Co., Inc. has no bank accounts in Rhode Island.

5. Rodman & Co., Inc. does not advertise or direct any marketing or sales efforts towards Rhode Island. Rodman & Co., Inc. derives no income from Rhode Island sources. Rodman & Co., Inc. has never paid or been required to pay income tax to the State of Rhode Island.

6. Rodman sells their product at trade shows and state fairs across the country through independent sales representatives.

7. Rodman & Co., Inc.'s sales representatives operate as independent contractors, none of which are located in Rhode Island.

8. Rodman & Co., Inc. has not done any trade shows in Rhode Island in the last five years.

9. Rodman & Co., Inc.'s products are purchased by visiting its booths at trade shows.

10. Rodman & Co, Inc. has a website to display the products. That website is passive and nothing is sent out to actively target buyers in Rhode Island.

11. Rodman & Co. Inc. has had no direct sales made to customers in Rhode Island. Except on October 24, 2006, a Mrs. Julienne Smith called Rodman and indicated that her dad had bought a Rodman drill at the "Big E" in Massachusetts a "couple" of years ago. She claimed she borrowed the drill from her dad and her husband had broken a drill bit out of the set. She asked if a replacement drill bit could be mailed to her. The cost was $6.95.

12. Rodman & Co., Inc. has not shipped any products to Rhode Island in the last five years except for the $6.95 drill bit.

13. Rodman & Co. has not sold any of the allegedly infringing product in Rhode Island.

14. To the best of my knowledge, Rodman & Co., Inc. has no contacts with the State of Rhode Island regarding any products other than the $6.95 drill bit sent to Julienne Smith.

15. Rodman & Co. has only been offering the allegedly infringing product for sale since July of 2006.

16. Rodman & Co. only sold eight of the allegedly infringing products, two of which were purchased by a representative of Joseph Thomas, Ltd.

17. Rodman & Co. did file a Complaint for patent infringement in the United States District Court for the District of Rhode Island in the year 2000. On behalf of Rodman & Co., I appeared for and attended the proceedings before the Court during the course of the litigation.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS THE 26 DAY OF october, 2006.

DALE CHESGREEN
AKA: Warren Dale Chesgreen

Subscribed and sworn before me on this 26th day of OCTOBER, 2006.

HINA AZAM
COMM. #1411640
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires May 14, 2007

Notary Public
Commission expires: MAY 14, 2007

**Exhibit C**

RODMAN & COMPANY, INC. Since 1928

Home | About Us | Products | Nibbler Video | How Purch

# About Us

## Rodman & Co., Inc.

*Rodman & Company tools - since 1928. The exclusive U.S. distributor of the Rodman Multi-Purpose Drill Bit & the Rodman Nibbler.*

| | |
|---|---|
| Monday | **8:00am - 4:30pm** |
| Tuesday | **8:00am - 4:30pm** |
| Wednesday | **8:00am - 4:30pm** |
| Thursday | **8:00am - 4:30pm** |
| Friday | **8:00am - 4:30pm** |
| Saturday | **Closed** |
| Sunday | **Closed** |

All time in Pacific Standard Time

Closed on all major holidays

**What we do**
Rodman & Company specializes in innovative tools and quality customer service. Rodman tools can be found in over 300 consumer and trade shows each year where they are demonstrated by trained Rodman professional representatives.

**Our business history**
Rodman & Co., Inc. began in 1928 as an auto parts warehouse, tool parts and repair station. It was taken over in 1973 by Dale Chesgreen who turned the company into a thriving power tool and repair center. Dale started in 1983 demonstrating clamps at a few trade shows. In 1987, Dale traveled to Koln, Germany and discovered a unique multi-purpose drill bit and other accessories. The drill bits were so successful that Dale had a work force of 13 sales representatives demonstrating at over 400 trade shows a year by the year 2000. In 1998, Rodman had introduced the unique Rodman Nibbler sheet-metal cutting tool to the U.S. market and has currently added a line of German Knipex pliers & wrenches.

**What makes us unique**
Our company believes our tools need to be seen and demonstrated to be truly appreciated.

***Rodman & Company, Inc.- Since 1928***
*7047 Vineland Ave., North Hollywood, California, 91605, US*
*phone: (800) 228-1806 fax: (818) 765-8158*

Privacy Policy/Terms of Service